JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Goddard Systems, Inc.

**DEFENDANTS**
Lea Blazey Gombar, and Laavanya Gombar and Our Future's Education LLC

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wake County, NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wiggin and Dana LLP, 50 S. 16th Street, Two Liberty Place, Suite 2925, Philadelphia, PA  19102; 215 988 8310

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☒ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331 and 15 U.S.C. § 1116(a)
Brief description of cause:
Enforcement of Franchise Agreement; Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ injunctive relief and money damages

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/13/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Goddard Systems, Inc., 1016 W. Ninth Avenue, King of Prussia, PA 19406

Address of Defendant: 102 Parkvine Circle, Cary, NC 27519 and 1177 NW Maynard Road, Cary, NC 27513

Place of Accident, Incident or Transaction: 1016 W. Ninth Avenue, King of Prussia, PA 19406

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Lanham Act - trademark

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Constantine T. Fournaris, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: November 13, 2017          _____          63902
                                 Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____          _____          63902
                             Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Goddard Systems, Inc. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Lea Blazey Gombar and Laavanya Gombar | : | |
| and Our Future's Education LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (✘)

| | | |
|---|---|---|
| November 13 , 2017 | _L 7 ʈ ɑ__ | Goddard Systems, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 988 8311 | 215 988 8344 | cfournaris@wiggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GODDARD SYSTEMS, INC. :
1016 W. Ninth Avenue :
King of Prussia, Pennsylvania 19406 :
   :
   Plaintiff, :
   :
   v. :
   :
LEA BLAZEY GOMBAR :
102 Parkvine Circle : **CIVIL ACTION NO.**
Cary, NC 27519 :
   :
and :
   :
LAAVANYA GOMBAR :
102 Parkvine Circle :
Cary, NC 27519 :
   :
and :
   :
OUR FUTURE'S EDUCATION LLC :
1177 NW Maynard Road :
Cary, NC 27513 :
   :
   Defendants. :

## CORPORATE DISCLOSURE STATEMENT

Pursuant to its obligations under Fed. R. Civ. P. 7.1, Goddard Systems, Inc., Plaintiff in the above listed action, states that the following parent corporation, and no publicly held company, owns 10% or more of its stock:

American Manufacturing Corporation                    100%

Respectfully submitted,

**GODDARD SYSTEMS, INC.**

November 13, 2017                    By:  _____

Constantine T. Fournaris
PA Attorney ID No.:   63902
WIGGIN AND DANA LLP
50 S. 16th Street
Two Liberty Place, Suite 2925
Philadelphia, PA 19102
215-988-8311
cfournaris@wiggin.com
*Attorneys for Plaintiff Goddard Systems, Inc.*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GODDARD SYSTEMS, INC.**              :
1016 W. Ninth Avenue                 :
King of Prussia, Pennsylvania 19406   :
                                     :
          Plaintiff               :
    v.                            :
                                     :
**LEA BLAZEY GOMBAR**         :     **CIVIL ACTION NO.**
102 Parkvine Circle                   :
Cary, NC 27519                      :
                                     :
and                                :
                                     :
**LAAVANYA GOMBAR**         :
102 Parkvine Circle                   :
Cary, NC 27519                      :
                                     :
and                                :
                                     :
**OUR FUTURE'S EDUCATION LLC**  :
1177 NW Maynard Road             :
Cary, NC 27513                      :
                                     :
          Defendants.           :

## **VERIFIED COMPLAINT**

### **THE PARTIES**

1.     Plaintiff Goddard Systems, Inc. ("GSI") is a Pennsylvania corporation with its principal place of business at 1016 West Ninth Avenue, King of Prussia, Pennsylvania 19406.

2.     Upon information and belief, Defendants Lea Blazey Gombar and Laavanya Gombar (collectively, the "Gombars") are adult individuals and residents of the State of North Carolina with a home address of 102 Parkvine Circle, Cary, North Carolina 27519.

3.     Upon information and belief, Defendant Our Future's Education LLC ("OFE") is a North Carolina corporation with a registered agent address of 1177 NW Maynard Road, Cary,

1

NC 27513. Upon information and belief, OFE was formed by, and is owned and/or controlled by the Gombars. Lea Blazey Gombar is OFE's registered agent. OFE and the Gombars are collectively referred to in this Complaint as "Defendants".

4.     As set forth below, from June 2016 until October 30, 2017, the Defendants owned and operated a franchised THE GODDARD SCHOOL® preschool located at1177 NW Maynard Road, Cary, NC 27513 under a written franchise agreement with GSI.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other, and the amount in controversy (including, without limitation, the value of the rights at issue and being litigated herein) exceeds $75,000, exclusive of interest and costs.

6.     This Court also has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1116(a) because Defendants have engaged and are engaging in activities that infringe Plaintiff's trademarks under Sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1), § 1125(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.     Jurisdiction and venue are also proper in this Court under the terms of: (a) the Franchise Agreement dated June 30, 2016 for the School franchise located in Cary, North Carolina (*see* Exhibit 1, ¶ 23(B)); (b) the Amendment as defined below (*see* Exhibit 2); and (c) the Assignment as defined below (*See* Exhibit 3 ¶ 6).

2

## BACKGROUND

9.      GSI is the franchisor of THE GODDARD SCHOOL® businesses ("Goddard

Schools"), which specialize in offering to the public preschool early education programs for

children.

10.      Through years of experience, GSI has developed an operating system consisting

of (among other things) specially designed standards and specifications, business information,

curricula, advertising and marketing materials, identification schemes, training programs,

management programs, interior and exterior accessories, and GSI-approved equipment and

equipment layouts (the "Goddard System").

11.      GSI is the owner of all of the right, title and interest in and to certain trade names,

trademarks and service marks, including the mark THE GODDARD SCHOOL® and other

related marks (the "Marks"), which are utilized in the operation of the Goddard System.  GSI has

obtained and owns numerous registrations for the mark THE GODDARD SCHOOL® and related

marks.  Each of these registrations has been properly registered by GSI on the Principal Register

in the United States Patent and Trademark Office and is in full force and effect.

12.      The registered Marks are famous and have acquired secondary meaning in that

they are widely recognized by the general consuming public of the United States as a designation

of source of the goods or services of GSI and its licensed franchisees. There are over 465

Goddard School franchises throughout the country.

13.      The mark THE GODDARD SCHOOL® and other Marks are utilized in interstate

commerce.

14.      As part of the Goddard System, GSI has developed proprietary know-how, trade

secrets and unique and successful methods of early childhood education, and has developed a

3

unique, uniform system relating to the operation of franchised Goddard Schools. Distinguishing characteristics of the franchised Goddard Schools include the Marks and the latest available data and information concerning market analysis, procurement of students, sales and merchandising methods, training of franchisees and center personnel, advertising techniques, record-keeping and business management.

15.     The Goddard System also includes a system of maintaining uniform high standards of quality, appearance and service in each of the Goddard Schools; an operations manual containing standards, specifications and procedures for operating a Goddard School; training and instruction in the operation of the franchise; reasonable individual business advice provided by the officers and other personnel of GSI; and assistance in promoting a franchised Goddard School business.

16.     Maintenance of the highest standards of quality, appearance and service is essential to the development and maintenance of the reputation and goodwill of THE GODDARD SCHOOL® preschools. These standards are important to GSI and to each franchisee.

17.     The goodwill and reputation associated with the Marks are impaired when a franchisee fails to maintain standards and operates a non-conforming or unsafe business under THE GODDARD SCHOOL® trademarks and service marks.

18.     The business relationship between GSI and each of its franchisees is governed by the terms and conditions of a franchise agreement between GSI and each franchisee.

19.     GSI franchisees are licensed under their respective franchise agreements to use the Marks and to operate under the Goddard System.

4

20.     GSI and its franchisees have for many years spent substantial sums of money promoting the Goddard Schools.  As a result of this extensive promotion, valuable goodwill has been developed for the Marks and for the schools, products and services that bear the Marks and thus identify GSI as their sponsor and source.

21.     Most new Goddard School franchisees, have no or very limited prior experience in operating a child daycare or preschool learning center and would have little or no ability to do so efficiently, legally, and profitably without extensive training and assistance.  This program is a critical factor driving entrepreneurs to become Goddard School franchisees rather than trying to open independent centers on their own. Moreover, the provision of a comprehensive operating system and the ability to use a well-established brand are factors that drive those with some experience in operating a child daycare or preschool learning center to become Goddard School franchisees rather than trying to open or operate independent centers.

22.     GSI provides its franchisees with extensive training and hands-on assistance and support in every aspect of establishing and operating a child daycare and preschool learning center, including selecting an appropriate location for the center, opening and promoting a center, learning theories of early childhood development and curricula for different age groups, increasing and maintaining enrollment, managing accounting functions, and ordering and purchasing equipment and supplies.

23.     GSI provides franchisees with training before his or her Goddard School opens. Before and after the Goddard School has opened, and throughout the franchisees' relationship with GSI, GSI personnel provide additional training and support, both in person and by phone. GSI also provides its franchisees with its Confidential Operating Manual and other materials, all of which contain GSI's trade secrets and confidential and proprietary information (collectively,

the "Manual"). GSI personnel conduct periodic visits to and inspections of each Goddard School, during which they offer guidance and advice to help franchisees resolve operational and other problems. GSI's franchise relations staff is available by telephone to answer franchisees' questions and provide additional support and advice. GSI also sponsors seminars, conventions and regional meetings for its franchisees, during which GSI's trade secrets and confidential and proprietary information are disseminated and discussed.

24.     As partial consideration for GSI's agreement to disclose the Goddard System, all franchisees agree to meet Goddard's operational standards and to, upon termination, cease operating as a Goddard School. In addition, as partial consideration for GSI's agreement to disclose the Goddard System, all franchisees agree both to keep the Goddard System confidential and not to be involved in any way in any other child daycare, preschool learning center, or similar business anywhere during the term of their franchise agreement ("in-term covenant") and for a three-year period after the termination of their franchise agreement, at or within a ten-mile radius of their Goddard School or any other existing or proposed Goddard School ("post-term covenant").

25.     The agreement to cease operating as a Goddard upon termination, the covenant to keep the Goddard System confidential, the in-term covenant, and the post-term covenant –which are present in every franchise agreement that GSI has ever entered – are essential to maintaining the integrity of GSI's trade secrets and confidential and proprietary information and to protecting other franchisees from unfair competition from former franchisees.

## THE FRANCHISE AGREEMENT

26.     On June 30, 2016, the Gombars entered into a Franchise Agreement (the "Franchise Agreement") with GSI, under which they were granted the right and undertook the

6

obligation to operate THE GODDARD SCHOOL® at 1177 NW Maynard Road, Cary, NC 27513 (the "School). *See* Franchise Agreement (which is attached as **Exhibit 1** and incorporated herein by reference).

27.     The Franchise Agreement included an Amendment to the Franchise Agreement (Transfer) (the "Amendment") also dated June 30, 2016 (which is attached as **Exhibit 2** and incorporated herein by reference). This Amendment made clear that the Gombars were agreeing to complete "all outstanding improvements, upgrades and repairs required for GSI System Standards compliance." Amendment ¶ 8. Attached to the Amendment is a list of items that needed to be completed to make the School consistent with Goddard System standards.

28.     The Gombars also executed an Assignment and Assumption Agreement assigning their rights and obligations under the Franchise Agreement to OFE, a North Carolina corporation formed for their convenience of ownership, and OFE assumed all of the obligations under the Franchise Agreement (the "Assignment"). Under the Assignment, the Gombars agreed to continue to be bound by the Franchise Agreement and to personally guarantee all of OFE's obligations under the Franchise Agreement. *See* Assignment ¶¶ 3-4 (which is attached as **Exhibit 3** and incorporated herein by this reference).

29.     The initial term of the Franchise Agreement commenced on the date of the Franchise Agreement (June 30, 2016) and was set to last for an initial term of 15 years (until June 30, 2031). Franchise Agreement ¶ 2(A).

30.     Under the terms of the Franchise Agreement, the Defendants possessed a limited license to use the Marks and Goddard System, to utilize GSI's latest available data and information concerning early childhood education, and to employ the unique system of operation developed and owned by GSI.

7

31.     Under the Franchise Agreement, the Defendants' rights to use the Marks is limited, and they have and derive no interest in any goodwill established under the Marks. Paragraph 7 of the Franchise Agreement provides in relevant part:

> (a)     Your right to use the Proprietary Marks is derived solely from this Agreement and is *limited to the conduct of the business by [Franchisee]* pursuant to and in compliance with this Agreement.  You agree that all usage of the Proprietary Marks *and any goodwill established thereby shall inure to our exclusive benefit*.  You acknowledge that this Agreement does not confer any goodwill or other interest in the Proprietary Marks to you. .
> . .
>
> (b)     You agree that after termination or expiration of this Agreement, you will not directly or indirectly at any time or in any manner identify yourself as a current or former franchisee of our System or any business as a current or former The Goddard School or as otherwise associated with [GSI] or our affiliated companies, or use in any manner or for any purpose the Proprietary Marks or any colorable imitation thereof.

Franchise Agreement ¶ 7.

32.     Under the Franchise Agreement and Assignment, Defendants agreed to operate the School in accordance with the methods, standards and specifications provided by GSI in the Manual.  Defendants further agreed that the Manual was at all times the property of GSI.  *See* Franchise Agreement ¶ 8.

33.     Before signing the Franchise Agreement, the Gombars and OFE had limited training or experience in opening, operating or promoting a child daycare or preschool learning program; much of what the Gombars and OFE know on these subjects they learned from GSI or through their experience of operating the School with GSI's support.

34.     As the designated on-site operator for the School, Lea Blazey Gombar attended GSI's two-week franchisee training class at GSI's headquarters in King of Prussia, Pennsylvania in June 20-24, 2016 and February 27-March 3, 2017.  Although nearly all Goddard School

8

franchisees attend training over a single two-week session, Lea Blazey requested permission to attend over two separate sessions, and GSI granted her request.

35.    Under the terms of the Franchise Agreement, the Defendants agreed to comply with all quality assurance standards prescribed by GSI, as well as with all applicable laws. *See* Franchise Agreement ¶¶ 6(I), 6(C), 17(B).

36.    The Franchise Agreement contains acknowledgements and agreements by the Defendants concerning the importance of maintaining GSI's standards for quality, appearance and service.  For example, Paragraph 6 of the Franchise Agreement provides in relevant part:

> B.    You shall develop the School in the manner prescribed by us for The Goddard School, including implementation of the [Goddard] System. . .
>
> I.    You shall comply with all quality assurance and service standards we prescribe from time to time.

Franchise Agreement ¶ 6.

37.    By way of further example, Paragraph 8 of the Franchise Agreement provides in relevant part:

> A.    In order to protect the reputation and goodwill of Goddard Schools and to maintain uniform standards of operation under the Proprietary Marks, you shall locate, construct, furnish, equip and operate the School in accordance with Manual, which will be made available to you during your initial training, electronically . . . You must operate the School in strict conformity with the methods, standards and specifications we provide, which may change from time to time.  You may not deviate from our standards and specifications by using or offering non-conforming products or differing amounts of any products or offering non-conforming services, without obtaining our prior written consent.  You must sell and offer for sale only those products and services that we have expressly approved for sale in writing.  The Manual consist of operating manuals, videos and materials which contain mandatory and suggested specifications, standards and operating procedures.

Franchise Agreement ¶ 8.

38.     The Franchise Agreement provides that GSI is entitled to terminate the Franchise

Agreement immediately if Defendants engage in conduct that, in GSI's judgment has or may

affect the goodwill of the Proprietary Marks. *See* Franchise Agreement ¶ 13(A)(3).

39.     The Franchise Agreement also provides that GSI is entitled to terminate the

Franchise Agreement immediately if, in GSI's sole business judgment, the Defendants are "a

threat or danger to public health or safety or to the health or safety of the children and/or adults

at the School . . . including your failure to comply with quality assurance standards."  Franchise

Agreement ¶ 13(A)(8).

40.     The Franchise Agreement further provides that GSI is entitled to terminate if there

are three failures to comply with any provision of the Franchise Agreement (or if there are two

failures of the same type) within a one-year period. Franchise Agreement ¶ 13(A)(11)-(12).

41.     Defendants expressly acknowledged and agreed in the Franchise Agreement and

Assignment that the information contained in the Manual is secret and confidential and agreed

that they "shall use all reasonable efforts to maintain such information as secret and confidential"

and would neither reproduce the materials in the Manual or "make the same available to any

unauthorized person." *See* Franchise Agreement ¶¶ 8, 9; Assignment ¶3. The Franchise

Agreement specifically provided as follows:

> The Manual and its contents, our trade secrets and any other confidential
> or proprietary information or compilations, any material in which we
> claim copyright protection, knowledge, know-how, methods and
> techniques concerning the methods of operation of a Goddard School
> (collectively, "Confiential Information") are our exclusive property and
> are revealed to you in confidence solely to assist you in operating the
> School.  You [the Gombars and OFE] shall at all times treat the
> [Confidential Operating] Manual, any other manuals created for or
> approved for use in the operation of the School, and the information
> contained in those manuals as confidential, and shall use all reasonable
> efforts to maintain the information as secret and confidential.  You shall
> not at any time, without [GSI's] written consent, copy, duplicate, record or

10

> otherwise reproduce the foregoing materials, in whole or in part, or
> otherwise make the same available to any unauthorized person.

Franchise Agreement ¶ 9(A).

42.    Under the Franchise Agreement and Assignment, the Defendants agreed, among

other things, not to disclose GSI's trade secrets and confidential and proprietary information (the

"Covenant of Confidentiality"):

> You [the Gombars and OFE] shall not, during the term of this Agreement
> or thereafter, . . . communicate, divulge, or use for the benefit of any other
> person, persons, partnership, association, corporation, limited liability
> company or other entity, any Confidential Information which may be
> communicated or disclosed to you, or of which you may be apprised by
> virtue of your operation under the terms of this Agreement

Franchise Agreement ¶ 9(B).

43.    Upon termination or expiration of the Franchise Agreement, the Franchisees must,

among other things: (a) immediately cease to operate the business franchised under the Franchise

Agreement, and not thereafter, directly or indirectly, represent to the public or hold itself out as a

present or former franchisee of Goddard; (b) immediately and permanently cease to use, by

advertising or in any manner whatsoever, any equipment, confidential methods, procedures and

techniques associated with the System; the trade and service mark "The Goddard School," and

any Proprietary Marks and distinctive forms, slogans, signs, symbols or device associated with

the Goddard System; (c) promptly pay all amounts due to GSI; and (d) immediately turn over to

GSI all manuals, including the Manual, records, files, instructions, correspondence, all materials

related to operating the franchised business including, without limitation, brochures, agreements

and any and all other materials relating to the operation of the School in Franchisee's possession.

Franchise Agreement ¶¶ 14(A), (B), (E), (G).

44.     Pursuant to the Franchise Agreement, Defendants also agreed that, for a three-year period after termination of the Franchise Agreement, they would not, "either directly or indirectly, for [themselves] or through, on behalf of, or in conjunction with any other person, persons, partnership, association, corporation, limited liability company or other entity":

> (1)     divert or attempt to divert any business or customer of the business franchised under this Agreement to any competitor, by direct or indirect inducement or otherwise, to do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Proprietary Marks and the System;
>
> (2)     employ or seek to employ any person who is at that time employed by [GSI] or by any of [GSI's] franchisees, or otherwise directly or indirectly to induce such person to leave his or her employment;
>
> (3)     own, maintain, engage in, be employed by, finance or have any interest in any other child daycare or preschool learning center or business at the premises of the School or within a radius of ten (10) miles of the School or any existing or proposed School.

Franchise Agreement ¶ 16(C) (the "Post-Term Covenant").

45.     Upon termination or expiration of the Franchise Agreement, GSI also has the right under the Franchise Agreement to purchase the assets of the School from the Defendants at fair market value, exclusive of any goodwill, and to obtain an assignment of Defendants' lease for the premises of the School.  *See* Franchise Agreement ¶ 15.

46.     Defendants also agreed that, in any action brought to enforce or defend GSI's rights under the Franchise Agreement, GSI is entitled to recover, and in addition to any other recovery, reasonable attorneys' fees, court costs and expenses of litigation.  *See* Franchise Agreement ¶ 23(E).

## DEFENDANTS BREACH THE FRANCHISE AGREEMENT AND ASSIGNEMNT

47.     Notwithstanding Defendants' promises to GSI under the Franchise Agreement, Amendment and Assignment, Defendants failed to comply with their obligations under the Franchise Agreement, including their obligation to comply with GSI's standards.

48.     As a result, on April 20, 2017, GSI sent Defendants a Notice of default (the "April 20, 2017 Notice") for failure to comply with two (2) consecutive GSI Quality Assurance ("QA") standards assessments, which were conducted by GSI on November 17, 2016 and March 27, 2017.  As set forth in the April 20, 2017 Notice, GSI was particularly concerned because "many of the problems that led to the failure in November 2016 were observed again in March 2017" which suggests "that the School has not implemented effective internal procedures, training and accountability."  Defendants were provided 30 days from the date of the April 20, 2017 Notice to cure their defaults by bringing the School into compliance with GSI's Quality Assurance Standards.  Defendants were also informed that they would be terminated unless they passed their next QA assessment.  *See* April 20, 2017 Notice (which is attached as **Exhibit 4** and incorporated herein by reference).

49.     On July 26, 2017, GSI conducted a "mock" Quality Assurance review, at the request of the Defendants, as a supplemental training exercise.

50.     On September 26, 2017, GSI conducted another Quality Assurance review of the School, which resulted in another Quality Assurance failure.  Accordingly, Defendants failed to cure the defaults identified in the April 20, 2017 Notice.

51.     As a result of Defendants' failure to cure the defaults and continuing failure to comply with GSI's Quality Assurance standards, GSI elected to terminate the Franchise Agreement by Notice of Termination of Franchise Agreement dated October 30, 2017 (the

"Termination Notice"). In the Termination Notice, GSI notified Defendants that the Franchise

Agreement was terminated due to repeated failures by Defendants to bring the School into

compliance with GSI's Quality Assurance standards. *See* Termination Notice which is attached

as **Exhibit 5** and incorporated herein by this reference. In the Termination Notice, GSI also set

forth and demanded compliance with Defendants' post-termination obligations under the

Franchise Agreement.

52.     In the Termination Notice, GSI requests that the Defendants contact it to

formulate a transition plan, which could include -- at Defendants' option -- the sale of the

business to an approved buyer.

53.     Notwithstanding the termination of the Franchise Agreement, the Franchisees

have not complied with their post-expiration obligations under the Franchise Agreement,

including: (i) their obligation to cease operating the School; (ii) their obligation to immediately

and permanently cease to use, by advertising or in any manner whatsoever, any equipment,

confidential methods, procedures and techniques associated with the GSI business system; (iii)

their obligation to immediately and permanently cease to use the trademark, trade name and

service mark THE GODDARD SCHOOL®, the Goddard logo or any other distinctive forms,

slogans, signs or symbols associated with the GSI business system, including all signs,

equipment, advertising materials, stationery, forms and any other articles that display GSI's trade

names, trademarks or service marks; and (iv) their obligation not to compete as set forth in

Paragraph 16 of the Franchise Agreement.

54.     The Franchisees have continued to operate the School, using the Proprietary

Marks, since the termination of the Franchise Agreement and are operating the School as of the

date of this Complaint.

14

55.    By this Complaint, GSI now seeks to enforce the termination of the Franchise Agreement and to collect all amounts that are due or become under the Franchise Agreement during the course of and as a result of the litigation.

56.    GSI has fully performed or otherwise properly discharged all of its contractual duties to Defendants.

57.    Pursuant to the terms and conditions of the Franchise Agreement and the Assignment, Defendants are jointly and severally liable to GSI.

58.    Defendants' complained-of conduct as set forth in this Complaint continues to occur as of the date of this Complaint.

<u>COUNT I</u>
<u>TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

59.    GSI incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

60.    As of October 30, 2017, Defendants do not have GSI's permission to use the Marks.

61.    On information and belief, Defendants have used and displayed and intend to continue to use and display GSI's trademarks and trade names in connection with the unauthorized operation of the School at 1177 NW Maynard Road, Cary, NC 27513.

62.    The Defendants' use of GSI's trademarks and trade names in connection with a preschool early learning center without license did and is likely to continue to cause confusion in the minds of consumers, who believed and will continue to believe that the school is related to and authorized by GSI.

63.     On information and belief, Defendants have traded or intend to intentionally trade on GSI's trademarks, trade name and confidential business system and to deliberately misappropriate GSI's goodwill for their own benefit.

64.     Defendants' operation and involvement in an early learning center using GSI's trademarks and operating system has or will deprive GSI of revenues and profits.  GSI has no adequate remedy at law because it cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the GSI trademarks, trade name and business system over many years.

65.     Defendants' conduct, which unfairly suggested and suggests a continuing affiliation between their preschool early learning center and GSI, constitutes an infringement of GSI's trademarks under 15 U.S.C. §§ 1114(1)(a) and (b) and a false designation of origin or a false description or representation which tends falsely to describe or represent the services and goods of Defendants as those of GSI, and constitutes unfair competition violating 15 U.S.C. § 1125(A).

66.     Defendants' conduct was and, until ceased, will remain willful.

67.     Defendants' operation as set forth above has caused and, unless abated, will continue to cause GSI irreparable injury in that GSI will have difficulty refranchising Defendants' trading area; business will be diverted from GSI's authorized franchisees; and the goodwill related to GSI's trademarks, trade name and business system will be diluted and taken from GSI's control. The damage to GSI from Defendants' conduct cannot be readily calculated or ascertained in the form of money damages.

68.     GSI's immediate and irreparable harm will continue unless and until Defendants are enjoined from committing these wrongful acts.

16

69.     Without an injunction ordering Defendants to cease to use or display any of GSI's trademarks or service marks, or any other logos, symbols or trade dress of GSI, or any confusingly similar trademarks, service marks, logos, symbols or trade dress, in connection with the advertising, distribution, display or sale of any product or service, GSI will continue to suffer irreparable harm and damage to its business.

## COUNT II
## BREACH OF CONTRACT – POST-TERM COVENANT NOT TO COMPETE UNDER THE FRANCHISE AGREEMENT

70.     GSI incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

71.     After termination of the Franchise Agreement, Defendants breached their obligations under the Franchise Agreement, the Amendment, and the Assignment, by, directly or indirectly, (a) diverting or attempting to divert any business or customer of the School to any competitor, (b) employing or seeking to employ employees of the School, (c) doing or performing acts injurious or prejudicial to the goodwill associated with the Marks and Goddard System, and (d) owning, maintaining, engaging in, being employed by, financing, or having any interest in any child care or preschool learning center or similar business.

72.     Defendants' conduct as set forth above has caused and will cause GSI irreparable harm through loss of its goodwill and relationship problems that are likely to be encountered with its other franchisees.  The damages that GSI will sustain and the potential deception and harm to the consuming public cannot be ascertained, nor can such harm be compensated for in monetary damages.

73.     GSI has no adequate remedy at law in that the damages as set forth above, including loss of goodwill, interference with its other franchise relationships, and lost profits cannot be compensated in monetary damages.

74.     Defendants are contractually obligated to pay all costs and expenses, including reasonable attorneys' fees, incurred by GSI in enforcing the Franchise Agreement, the Amendment, and the Assignment, and any other agreements with Defendants.

75.     Defendants are contractually obligated to pay all costs and expenses, including reasonable attorneys' fees, incurred by GSI in enforcing the Franchise Agreement, the Amendment, and the Assignment, and any other agreements with Defendants.

**COUNT III**
**BREACH OF CONTRACT – COVENANT OF CONFIDENTIALITY**

76.     GSI incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

77.     Defendants' conduct as set forth above breached their obligation under the Franchise Agreement and the Assignment during its term not to "communicate, divulge, or use for the benefit of any other person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge, or know-how concerning the methods of operation of The Goddard School."

78.     As detailed above, upon information and belief, Defendants breached the Franchise Agreement and Assignment by, among other things, permitting the School to continue to have access to, use and/or benefit from GSI's confidential operating system and information without authorization. *See* Franchise Agreement ¶ 9(B).

18

79.     As a direct result of Defendants' conduct, GSI has suffered irreparable harm to its business interests and, in the alternative, damages as a result of Defendants' breach of the Covenant of Confidentiality, in an amount to be determined at trial.

80.     Defendants' conduct as set forth above has caused and will cause GSI irreparable harm through loss of its goodwill and relationship problems that are likely to be encountered with its other franchisees.  The damages that GSI will sustain and the potential deception and harm to the consuming public cannot be ascertained, nor can such harm be compensated for in monetary damages.

81.     GSI has no adequate remedy at law in that the damages as set forth above, including loss of goodwill, interference with its other franchise relationships, and lost profits cannot be compensated in monetary damages.

82.     In the alternative, Defendants have breached and have caused and are liable for damages to GSI under the Franchise Agreement and the Assignment, in an amount to be ascertained at trial.

83.     Defendants are contractually obligated to pay all costs and expenses, including reasonable attorneys' fees, incurred by GSI in enforcing the Franchise Agreement, the Amendment, and the Assignment, and any other agreements with Defendants.

## COUNT IV
## BREACH OF CONTRACT

84.     GSI incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

85.     Defendants' conduct as described above breached the Franchise Agreement, the Amendment, and the Assignment.

86.     The Defendants' failure to maintain and operate the School and to conduct business in a manner that conforms to the standards established by GSI is a breach of the Franchise Agreement.  Franchise Agreement ¶ 13(A) (8), (11), (12).

87.     By way of non-exhaustive example, Defendants also breached the Franchise Agreement and Assignment, by among other things:

a.   authorizing, permitting and otherwise allowing their former Goddard School to use, have access to, obtain and/or otherwise benefit from the Marks, the confidential operating system, the Manual, and the School's goodwill and other confidential information all without authorization or approval, which violated Paragraphs 7(B), 8, 9 and 12 of the Franchise Agreement;

b.   engaging in conduct that, in GSI's judgment, had or may affect the goodwill of the Marks, *see* Franchise Agreement ¶ 13(A)(3) and the Assignment;

c.   failing to comply with the post-term covenants contained in Paragraph 16(C) of the Franchise Agreement, *see* Franchise Agreement ¶¶ 13(A)(5).

88.     As a direct result of the Defendants' conduct, GSI has suffered irreparable injury to the reputation and goodwill associated with the Proprietary Marks, trade name, and trade dress of THE GODDARD SCHOOL® preschools and GSI's other franchisees.

89.     In addition, pursuant to Paragraph 23(E), GSI is entitled to its costs and reasonable attorneys' fees incurred in enforcing the Defendants' obligations under the Franchise Agreement.

90.     For all these same reasons, and in the alternative, Defendants have breached and have caused and are liable for damages to GSI under the Franchise Agreement, the Amendment, and the Assignment in an amount to be ascertained at trial.

## COUNT V
## BREACH OF CONTRACT – LOST FUTURE ROYALTIES

91.     GSI incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

92.     Defendants' failures to comply with the terms of the Franchise Agreement, the Amendment, and the Assignment as set forth above constituted a material breach of the Franchise Agreement, the Amendment, and the Assignment.

93.     Defendants have deprived GSI of its anticipated royalty revenues by prematurely and wrongfully acting as set forth above.

94.     As a result of such breaches and failures to perform, and for the reasons set forth above, GSI was forced to issue the Notice of Termination of the Franchise Agreement.

95.     Under the terms of the Franchise Agreement, the Amendment, and the Assignment, GSI had anticipated receiving continuing revenue from Defendants for at least the fifteen (15) year term of the Franchise Agreement, until July 30, 2031.

96.     Defendants' breach of the Franchise Agreement, the Amendment, and the Assignment has damaged GSI because, among other things, GSI no longer has the ability or potential to receive future royalties and payments as expected for the approximately fourteen (14) years remaining under the term of the Franchise Agreement.

97.     For all these reasons, Defendants have breached and have caused and are liable for damages to GSI under the Franchise Agreement, the Amendment, and the Assignment, in an amount to be ascertained at trial.

**WHEREFORE**, Plaintiff Goddard Systems, Inc. requests the following relief:

a.        A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from using, in connection with a non-Goddard School business, by advertising or in any manner whatsoever, any equipment, confidential methods, procedures and techniques associated with the Goddard School business system; the trade and service marks "THE GODDARD SCHOOL®" and any other GSI trade name, trademark, service mark, or distinctive form, slogan, sign, symbol or device associated with the Goddard School business system including all signs, equipment, advertising materials, stationery, forms and any other articles which display GSI's trademarks, trade names or service marks;

b.        An order requiring Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, to turn over to GSI all manuals, including the Goddard School Confidential Operating Manual, records, files, instructions, correspondence, proprietary software, all materials related to the Franchisees' operation of their former Goddard School including all brochures and agreements, and any and all other materials and any other documents (including those in any electronic format) that relate to the operation of the School or otherwise embody or reflect any part of the System or GSI's trade secrets or confidential and proprietary information;

c.      A preliminary and permanent injunction, enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from holding themselves out as present or former GSI franchisees;

d.      A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with either of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from owning, maintaining, engaging in, being employed by, financing, or having any interest in any child daycare or preschool learning center at the School located at 1177 NW Maynard Road, Cary, NC 27514, during the three-year term of the post-term covenants set forth in the Franchise Agreement or for a period of three years following the date on which Defendants ceased to operate or have any other prohibited involvement or interest in the School, whichever is later;

e.      A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, for the three-year period following the termination of the Franchise Agreement, or the date on which Defendants cease to operate or have any other prohibited involvement or interest in the School, whichever is later, from diverting or attempting to divert any business or customer of their former Goddard School to any competitor by direct or indirect inducement or otherwise, or from doing or performing, either directly or

23

indirectly, any other act injurious or prejudicial to the goodwill associated with GSI's trademarks, trade names, service marks or the Goddard School business system;

   f.     A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, for the three-year period following the termination of the Franchise Agreement, or the date on which Defendants cease to operate or have any other prohibited involvement or interest in the School, whichever is later, from employing or seeking to employ any person who is at that time employed by GSI or by any GSI franchisee, or otherwise directly or indirectly inducing such person to leave his employment with GSI or such GSI franchisee;

   g.     A preliminary and permanent injunction enjoining Defendant, their agents, servants, employees and attorneys, and all others in active concert or participation with either of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from communicating, divulging, or using for the benefit of any person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge or know-how communicated or disclosed to them by GSI;

   h.     Money damages attributable to Defendants' breaches of the Franchise Agreement;

   i.     Compensatory damages awarded in favor of GSI and against all Defendants;

   j.     Lost profits awarded in favor of GSI and against all Defendants;

   k.     Exemplary damages awarded in favor of GSI and against all Defendants;

   l.     Punitive damages awarded in favor of GSI and against all Defendants;

   m.     Damages allowable under the Lanham Act, including treble damages under 15

24

U.S.C. § 1117;

     n.     An accounting by Defendants of the profits to which GSI may be entitled;

     o.     Attorneys' fees, costs, expert fees and investigative fees incurred in connection with

this action as allowed by 15 U.S.C. § 1117(a) and any other applicable statutory, contractual or

common law provision;

     p.     Pre-judgment and post-judgment interest; and

     q.     Such other relief as this Court may deem just and proper.


Respectfully submitted,

**GODDARD SYSTEMS, INC.**

Dated:  November 13, 2017     By: _____
     Constantine T. Fournaris
     WIGGIN AND DANA LLP
     Two Liberty Place
     50 S. 16th Street, 29th Floor
     Philadelphia, PA 19102
     215-988-8311
     cfournaris@wiggin.com
     *Attorney for Plaintiff Goddard Systems, Inc.*